UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA B. STRONG,

    Plaintiff,

v.                                                         Case No: 8:16-cv-1757-T-36JSS

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

THIS MATTER is before the Court on Plaintiff's Motion for Enlargement of Time to Make Expert Disclosures. (Dkt. 17.) Plaintiff seeks an extension of the deadline for expert disclosures from December 9, 2016, until January 6, 2017, for Plaintiff's expert disclosures, and a corresponding extension for Defendant's expert disclosures from January 6, 2017, until February 6, 2017. Defendant opposes Plaintiff's request for an extension, arguing that excusable neglect has not been shown and that an extension would be prejudicial and necessitate extensions of the remaining case deadlines. (Dkt. 18.)

Under Federal Rule of Civil Procedure 6(b), when an act must be done within a specified time—and a motion is made after the time to act has expired—the district court may extend the time for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party failed to act because of excusable neglect, the court considers all relevant circumstances surrounding the party's omission, including the danger of prejudice to the opposing party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Additionally, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Thus, "excusable neglect can include an 'inadvertent or negligent omission.'" *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009) (quoting *Pioneer*, 507 U.S. at 394–95).

In this case, Plaintiff states that the deadline for her expert disclosures was inadvertently calendared on the incorrect date and, upon discovering the calendaring error, the motion for extension of time was filed. But due to a subsequent staffing error, the motion was not filed until after the deadline had expired. Plaintiff admits that the calendaring and staffing error were fully in counsel's control. However, the motion for extension of time was filed less than a week after the deadline for expert disclosures passed. And there is no indication that Plaintiff did not act in good faith. Rather, Plaintiff acted expeditiously in moving for an extension, and no other deadlines will be affected by the requested extension. As such, there is minimal impact on judicial proceedings and prejudice to Defendant. Accordingly, it is **ORDERED** that Plaintiff's Motion for Enlargement of Time to Make Expert Disclosures (Dkt. 17) is **GRANTED**. The deadline for Plaintiff's expert disclosures advances to January 6, 2017, and the deadline for Defendant's expert disclosures advances to February 6, 2017.

**DONE** and **ORDERED** in Tampa, Florida, on December 29, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record